**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| MR. PATRICK MINOR, | § | |
| *Plaintiff* | § | |
| | § | SA-24-CV-01068-XR |
| -vs- | § | |
| | § | |
| WHATABURGER, | § | |
| *Defendant* | § | |
| | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this date, the Court considered United States Magistrate Judge Elizabeth S. Chestney's Report and Recommendation in the above-numbered case, filed November 1, 2024, recommending that this action be dismissed for want of prosecution. ECF No. 4. After careful consideration, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation.

## BACKGROUND

Plaintiff Patrick Minor filed this case on September 23, 2024 by filing a motion to proceed *in forma pauperis* and a proposed complaint. ECF No. 1. Plaintiff's proposed complaint contained no allegations other than stating "Complaint for a Civil Case Alleging Negligence" and "Diversity of Citizenship." ECF No. 1-1. On September 26, 2024, the Magistrate Judge ordered Plaintiff to file an Amended Proposed Complaint because his proposed complaint could not be evaluated under Section 1915(e). ECF No. 3. The Magistrate Judge ordered Plaintiff to state "what relief he is seeking through this suit, what causes of action he is asserting, and the factual bases of his claims." *Id.* Plaintiff's Amended Proposed Complaint was due October 17, 2024. *Id.* Plaintiff failed to file one.

On November 1, 2024, Magistrate Judge Chestney issued the Report and Recommendation, recommending dismissal under Federal Rule of Civil Procedure 41(b) for want

1

of prosecution and failure to follow a court order. ECF No. 4 at 2. The Report and Recommendation was served on Plaintiff by certified mail. ECF No. 7. On November 14, 2024, Plaintiff timely filed his objections. ECF No. 8.

## LEGAL STANDARD

A party may serve and file objections to a Report and Recommendations within fourteen days. FED. R. CIV. P. 72(a), (b)(2). "Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive [sic] or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982), *overruled on other grounds by Douglass v. United States Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Courts must review *de novo* any of the Magistrate Judge's conclusions to which a party has specifically objected. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Any sections that were not clearly objected to are reviewed for clear error to determine whether they are contrary to law. *Id.*; *see also United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989), *cert. denied*, 492 U.S. 918 (1989). But objections that are entirely conclusory, made without any reasoning or any supporting authority, need not be considered by the court. *See Nettles*, 677 F.2d at 410 n.8; *McCall v. United States*, No. MO:07-CR-00096-RAJ, 2013 WL 12406618, at *20–21 (W.D. Tex. Mar. 20, 2013).

## ANALYSIS

A district court may dismiss an action for failure to prosecute or to comply with any order of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam); FED. R. CIV. P. 41(b). The exercise of the power to dismiss for failure to prosecute is committed to the sound discretion of the court. *Green v. Forney Eng'g Co.*, 589 F.2d 243, 247 (5th Cir. 1979). This

authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Insurance Co., Ltd.,* 756 F .2d 399, 401 (5th Cir. 1985). Such a dismissal may be with or without prejudice. *See Long v. Simmons,* 77 F.3d 878, 879-80 (5th Cir. 1996). A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.*

Here, Plaintiff was warned that a failure to file a Proposed Amended Complaint could results in the dismissal of this case for failure to prosecute or comply with a Court order. ECF No. 3. Plaintiff, however, took no action until he was served with the Report and Recommendation. In his objections, titled a "Response," Plaintiff requests more time to "mount a powerful response" for "lack" of "defense counsel." ECF No. 8. Plaintiff's reason for delay is unavailing for two reasons.

First, Plaintiff does not explain why he did not respond to the Magistrate Judge's Order requiring him to file an Amended Proposed Complaint by October 17, 2024. Telling the Court that he is now seeking counsel does not cure this delay. Nor has Plaintiff explained what facts may support his cause of action. Thus, Plaintiff has still not complied with the Magistrate Judge's September 26, 2024 Order nor provided a valid reason for his failure to do so.

Second, Plaintiff does not even state that he plans to file an Amended Proposed Complaint. Instead, he points to seeking counsel to respond to the Report and Recommendation. But Plaintiff filed this action *in forma pauperis*. "A plaintiff who wishes to proceed *in forma pauperis*" is one who, "due to poverty . . . cannot afford to pay the costs of legal representation." *Bright v. Hickman*, 96 F. Supp. 2d 572, 575 (E.D. Tex. 2000); 28 U.S.C. § 1915(a)(1). Should Plaintiff seek to proceed

with counsel, the proper course would be to file a complaint and pay the required filing fee, not object to the Report and Recommendation dismissing this action for want of prosecution.

Finally, it has not been shown that this Court has jurisdiction to hear this case. Plaintiff claims diversity jurisdiction, but Whataburger is headquartered in Texas and Plaintiff resides in Texas, and thus there is no complete diversity under 28 U.S.C. § 1332.

## <u>CONCLUSION</u>

For the forgoing reasons, the Court **ACCEPTS** and **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 4). Accordingly, Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**.

**THE CLERK IS DIRECTED TO CLOSE THIS CASE.**

**IT IS SO ORDERED**.

**SIGNED** this 3rd day of December, 2024.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE